```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
```

| | | |
|---|---|---|
| ORRIN DEVINSKY, | : | |
| Plaintiff, | : | 05 Civ. 2064 (PAC) |
| -against- | : | ORDER |
| DANIEL KINGSFORD, et al., | : | |
| Defendants. | : | |

```
------------------------------------------------------------x
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant Daniel Kingsford moves for reconsideration of the Court's Order of March 31, 2008 ("Order"), which denied his motion for summary judgment: (1) the Court overlooked Plaintiff's agreement that certain claims against Kingsford cannot survive summary judgment; and (2) the fraud claim against Kingsford concerning the 75th Street loan agreement should be dismissed.

Plaintiff Orrin Devinsky also moves for reconsideration of the Order, which granted summary judgment in favor of the Executor Defendants, Michael Blumenthal and John Hoey, and dismissed them from this case in their individual capacities.

For the following reasons, Kingsford's motion for reconsideration is granted in part and denied in part and Devinsky's motion for reconsideration is denied.

**SUMMARY OF FACTS**

The facts are stated in full in the Court's Order of March 31, 2008. See Devinsky v. Kingsford, et al., No. 05 Civ. 2064 (PAC), 2008 WL 857525 (S.D.N.Y. Mar. 31, 2008). Familiarity with the facts and the prior opinion is assumed.

**DISCUSSION**

I.  **Motion for Reconsideration**

It is well-settled that "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (citing In re Health Mgmt. Sys. Inc. Secs. Litig., 113 F. Supp. 613, 614 (S.D.N.Y. 2000)); see also 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995).  Under Rule 59(e), there are three grounds for reconsideration: (1) an intervening change in law; (2) new evidence; and (3) the need to correct a clear error of law or prevent manifest injustice.  Doe v. N.Y. City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983).  The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  In this district, Local Rule 6.3 governs motions for reconsideration, and must be "strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Dellefave v. Access Temporaries, Inc., No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001).

**ANALYSIS**

I.  **Kingsford's Motion for Reconsideration**

Kingsford seeks reconsideration on two grounds: (1) Devinsky agreed not to pursue certain claims against him and those claims should not survive summary judgment; and (2) the fraud claim against him concerning the 75th Street loan agreement should be dismissed because

Devinsky failed to identify any false representation of fact by Kingsford concerning that agreement.

### a. Motion to Reconsider Claims Conceded by Devinsky

Kingsford first moves to dismiss four claims[1] against him because Devinsky agreed not to pursue those claims and because Devinsky does not contest Kingsford's motion for reconsideration in this respect.

In his June 7, 2007 motion for summary judgment, "Kingsford moved to dismiss Devinsky's unjust enrichment and fraudulent conveyance claims as duplicative and wholly derivative of the Estate's own judgments against Kingsford." (Memorandum of Law in Support of Daniel Kingsford's Motion for Reconsideration ("Kingsford Recon. Mem.") 1.) Kingsford also sought "dismissal of the fraud claims on 32nd Street and 77th Street because Devinsky suffered no actual fraud damages as to the former (his $1 million investment was repaid), and alleged no fraud as to the latter." (Kingsford Recon. Mem. 2.)

Since Devinsky chooses not to pursue these claims against Kingsford[2] and agrees that these claims should be dismissed,[3] the Court will grant Kingsford's motion and enter summary judgment for Kingsford in that limited respect, holding that the following claims against him are

---

[1] These claims are: (1) the unjust enrichment claim; (2) the fraudulent conveyance claim; (3) the fraud claim based on the 32nd Street investment; and (4) the fraud claim based on the 77th Street investment.

[2] In Plaintiff's Memorandum of Law in Opposition to Defendant Daniel Kingsford's Motion for Summary Judgment ("P. Mem. Opp. D.K. S.J."), Devinsky explained that "[s]ince the Surrogate's Court has already entered judgment against Kingsford . . . for the monies which he unlawfully transferred to himself from the various entities and the Estate, Devinsky will not proceed as against Kingsford on the unjust enrichment and fraudulent conveyance claims." (P. Mem. Opp. D.K. S.J. 4 n.3.) In the same memorandum, Devinsky stated that "[f]or the purposes of the fraud claim only against Kingsford . . ., Devinsky is not proceeding with the claims involving 13 East 32 Units LLC and 223 E. 77th St. on damages grounds." (P. Mem. Opp. D.K. S.J. 1 n.1.) In his Rule 56.1 Statement accompanying his own motion for partial summary judgment, Devinsky likewise noted that he "is no longer pursuing claims against Kingsford relating to the 32nd Street and 77th Street entities." (Pl.'s 56.1 ¶ 1 n.1.)

[3] "To the extent the [Order] upholds these claims against Kingsford, Plaintiff does not contest the reconsideration motion in this limited respect." (Plaintiff's Opposition to Motion for Reconsideration 2.)

3

dismissed: (1) unjust enrichment; (2) fraudulent conveyance; (3) fraud based on 32nd Street; and (4) fraud based on 77th Street.

### B. Motion to Reconsider Fraud Claim Against Kingsford on 75th Street

Kingsford next moves the Court to reconsider the denial of his summary judgment motion for the fraud claim concerning the 75th Street loan agreement. Kingsford argues that "[s]ince plaintiff did not identify any false representation of fact made by Kingsford about the 75th Street loan agreement, the Court should dismiss the plaintiff's fraud claim." (Kingsford Recon. Mem. 2.) Kingsford argues: (1) Devinsky did not claim a false representation of fact by Kingsford regarding this agreement; (2) opinions of real estate value are not actionable; and (3) Kingsford made no actionable omission regarding this agreement. These arguments, however, are identical to the arguments made in Kingsford's motion for summary judgment.[4] The Court considered the arguments, found lingering factual issues, and denied summary judgment on this claim.

The Court addressed the issues surrounding the fraud claim regarding the 75th Street loan agreement in its Order and concluded that "[t]here are myriad questions of facts which arise out of these complex real estate transactions which preclude summary judgment." (Order 11.) The Court did not "overlook discrete issues that do not involve factual disputes," as Kingsford suggests (Kingsford Recon. Mem. 7), but rather properly and sufficiently addressed those issues in its Order and dismissed the motion for summary judgment because genuine issues of material fact remain.

---

[4] In Kingsford's Memorandum of Law in Support of Motion for Summary Judgment ("D.K. S.J. Mem."), filed June 7, 2007, Kingsford states, "Devinsky's allegations cannot sustain a fraud claim . . . . Devinsky claims he received false statements about property values and false promises about how his money would be used. Yet fraud requires a knowingly false representation about existing facts. Statements to Devinsky about property values are non-actionable expressions of opinion, not fact." (D.K. S.J. Mem. 6.) Devinsky is clearly repeating those same arguments in the present motion for reconsideration.

4

Kingsford's attempt to re-argue the same points in a motion for reconsideration fails as a matter of law—there are no new facts, nor an intervening change of law, and there is no clear error of law or manifest injustice that the Court needs to correct. A motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome. See In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). This second portion of Kingsford's reconsideration motion—that the Court should dismiss the fraud claim against him concerning the 75th Street Loan agreement—is denied, and the fraud claim remains.

## II. Devinsky's Motion for Reconsideration

By its Order, the Court granted the Executor Defendants' motion for summary judgment on the lone claim Devinsky brought against them, effectively dismissing them from the case entirely. Devinsky moves for reconsideration to reinstate that claim against the Executors.

In the Amended Complaint, Devinsky states a claim for "Negligence" against Blumenthal and Hoey as Executors of Marceca's Estate. Devinsky asserted that "Blumenthal and Hoey are individually liable for the torts committed in the course of the administration of the Estate because they failed to exercise reasonable care, diligence and prudence." (Amended Complaint ¶ 109.) In his Memorandum in Opposition to the Executor Defendants' Motion for Summary Judgment ("P. Mem. Opp. E.D. S.J."), however, Devinsky claimed that the "essence" of the claim is one for breach of fiduciary duty and sought to transform his negligence claim into one for breach of fiduciary duty against the Executor Defendants. For the reasons stated in the Order, the Court did not allow this transformation.

Devinsky now claims that the Court overlooked his alternate pleading that, even if he was not permitted to transform his claim to one for breach of fiduciary duty, his negligence claim was

5

not ripe for summary judgment. Devinsky is wrong. Devinsky's motion for reconsideration raises no new arguments, changes in controlling law, or factual matters that the Court overlooked that might reasonably be expected to alter the outcome of the negligence claim. The Court considered the arguments put forth by Devinsky on the negligence claim and rejected those arguments.

The Court is not required to delineate every reason for the decisions it makes; it is in the Court's discretion to respond specifically—or not—to arguments made by the parties. The Supreme Court provides guidance on the issue of what an opinion must include:

> The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. Sometimes a judicial opinion responds to every argument; sometimes it does not; sometimes a judge simply writes the word "granted," or "denied" on the face of a motion while relying upon context and the parties' prior arguments to make the reasons clear. The law leaves much, in this respect, to the judge's own professional judgment.

Rita v. U.S., 127 S. Ct. 2456, 2458 (2007) (addressing the adequacy of district court explanations in sentencing proceedings).

The circumstances of this case do not mandate that the Court lay out a detailed explanation for accepting or rejecting every argument made. The case consisted of nearly twenty parties, an amended complaint with ten causes of action, and multiple cross motions to dismiss followed by multiple cross motions for summary judgment. The Court was not required to include an exhaustive account of its reasoning regarding every argument made by the parties. The arguments supporting a negligence claim were considered and rejected. Devinsky has not proffered any new evidence, facts, or authority that commands the Court to reconsider its dismissal of the Executor Defendants from the case. Accordingly, the motion is denied.

### III. Interest on East-West 4 LLC Investment

In the prior Order, the Court accepted the parties' concessions that the Estate Defendants were liable to Devinsky on the East-West 4 LLC investment and invited submissions on the calculation of the appropriate interest rate. Devinsky asserts that he is owed 2% per month for sixty-five months (from November 21, 2002 through April 21, 2008), which totals $260,000 in interest on the $200,000 loan. The Estate Defendants argue that Devinsky is actually seeking interest in the amount of 2% compounded monthly, which they assert would amount to the criminally usurious rate of 27% annually.

Devinsky claims that East-West 4 LLC, an entity managed by the Estate of Marceca, owes him $260,000 in interest, which is 2% monthly (or $4000 per month for 65 months). New York courts have held that a 2% monthly interest rate, not compounded, is not criminally usurious. See Stein v. Am. Mortg. Banking, Ltd., 216 A.D.2d 458 (N.Y. App. Div. 1995). The Court hereby imposes judgment against East-West 4 LLC in the amount of $460,000, which represents the principal and accrued interest on Devinsky's $200,000 loan to East-West 4 LLC.

## CONCLUSION

For the reasons stated above, the portion of Daniel Kingford's motion for reconsideration on the claims conceded and/or abandoned by Devinsky is GRANTED, and the following claims are dismissed against Kingsford: (1) unjust enrichment, (2) fraudulent conveyance, (3) fraud based on the 32nd Street investment, and (4) fraud based on the 77th Street investment. The portion of Kingsford's motion seeking reconsideration of the fraud claim against him based on 75th Street is DENIED. Devinsky's motion for reconsideration of the claims against the Executor Defendants is DENIED. Finally, the Court directs the Clerk of the Court to enter partial judgment against Defendant East-West 4 LLC in favor of Devinsky in the amount of

$460,000 (which is the sum of the $200,000 principal amount of the loan plus $260,000 in interest, at the rate of 2% or $4000 per month for 65 months.)

The parties are instructed to confer and inform the Court of a date for a final pre-trial conference in this matter no later than Tuesday July 29, 2008. The Clerk of the Court is directed to terminate both pending motions in this matter.

Dated: New York, New York
       July 10, 2008

SO ORDERED

_____
PAUL A. CROTTY
United State District Judge